# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

WILLIAM VESSELL,

    Plaintiff,

v.                              CIVIL ACTION NO.: CV614-078

ROBERT TOOLE, Warden; RONNIE
SHUEMAKE, CERT Supervisor; Officer
LONDON, CERT Officer; and Officer
COLLIE, CERT Officer,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Georgia State Prison in Reidsville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff asserts that his cell door was opening, and he did not receive an order to cuff up; however, Plaintiff contends, the "CERT team" came running into his cell with a shield. Plaintiff asserts that he got down on the floor and placed his hands behind his back. Plaintiff also asserts that he was hit with the shield, even though he was on the floor and his hands were behind his back. Plaintiff contends that he was strip searched while he was still on the floor and felt something "slide between his butt cheeks and a presser(sic) at [his] rectum." (Doc. No. 1, p. 5). Plaintiff asserts that he jumped and was kicked in the foot. Plaintiff asserts that he was then forcefully picked up, and, as he was taking one leg out of his pants, he bumped into one of the CERT officers. Plaintiff alleges that this officer pushed him into another officer and he was struck in the eye, which caused Plaintiff to hit his knee on the side of the bed. Plaintiff asserts that he did not receive medical attention after this use of force. Plaintiff names as Defendants:

2

Robert Toole, the Warden; Ronnie Shuemake, CERT supervisor; Officer London; and Officer Collie.

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. Plaintiff makes no factual allegations against the named Defendants, and his claims should be **dismissed**.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** based on his failure to state factual allegations against the named Defendants.

**SO REPORTED** and **RECOMMENDED**, this 24th day of September, 2014.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)